# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re:                              §
                                    §
HILL, GENEVIEVE C                   §     Case No. 12-42379
                                    §
                    Debtor(s)       §

## AMENDED TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on              .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

       Funds were disbursed in the following amounts:

       Payments made under an interim
       disbursement
       Administrative expenses
       Bank service fees
       Other payments to creditors
       Non-estate funds paid to 3rd Parties
       Exemptions paid to the debtor
       Other payments to the debtor

       Leaving a balance on hand of[1]              $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____     By:/s/N. Neville Reid, Trustee_____
                                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 12-42379 | JPC | Judge: Jacqueline P. Cox | Trustee Name: | N. Neville Reid, Trustee |
|---|---|---|---|---|---|
| Case Name: | HILL, GENEVIEVE C | | | Date Filed (f) or Converted (c): | 10/25/12 (f) |
| | | | | 341(a) Meeting Date: | 12/17/12 |
| For Period Ending: | 05/23/14 | | | Claims Bar Date: | 08/21/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Household Goods | 2,000.00 | 0.00 | | 0.00 | FA |
| Household goods; TV, DVD player, TV stand, stereo, sofa, vacuum, table, chairs, lamps, bedroom sets, washer/dryer, stove, refrigerator, microwave, dishes/flatware, pots/pans | | | | | |
| 2. Books / Collectibles | 100.00 | 0.00 | | 0.00 | FA |
| Books, Compact Discs, Tapes/Records, Family Pictures | | | | | |
| 3. Wearing Apparel | 250.00 | 0.00 | | 0.00 | FA |
| Necessary wearing apparel. | | | | | |
| 4. Furs and Jewelry | 300.00 | 0.00 | | 0.00 | FA |
| Earrings, watch, costume jewelry | | | | | |
| 5. Stock | 1,500.00 | 0.00 | | 0.00 | FA |
| Sole owner of GMFH LLC. Only asset is a bank account at Bridgeview Bank with approximately $1,500 on deposit. | | | | | |
| 6. Accounts Receivable | 38,000.00 | 0.00 | | 0.00 | FA |
| 1) Debtor's ex-boyfriend, Khorram Chaudhry, owes her approximately $25,000. The debtor believes that this sum is not collectible. 2) Debtor's friend, Michael Walker, owes her $6,000. The debtor believes that this sum is not collectible. 3) Debtor's sister, Marcella Deal, owes her $7,000. The debtor believes that this sum is not collectible. | | | | | |
| 7. Contingent Claims | 30,000.00 | 0.00 | | 0.00 | FA |
| Potential medical malpractice claim against dentist (Dr. John Costello and Dr. Ernest Costello) for botched wisdom tooth extraction. The dentist damaged the debtor's lingual nerve. - Unknown

Earned but unpaid commissions. $30,000 approximate gross is due. But the sales are still in attorney review and @properites will withhold | | | | | |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| Case No: | 12-42379 | JPC | Judge: Jacqueline P. Cox | Trustee Name: | N. Neville Reid, Trustee |
|---|---|---|---|---|---|
| Case Name: | HILL, GENEVIEVE C | | | Date Filed (f) or Converted (c): | 10/25/12 (f) |
| | | | | 341(a) Meeting Date: | 12/17/12 |
| | | | | Claims Bar Date: | 08/21/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| approx. $8,500 for adverstising and other fees and health ins. premiums. - $30,000 | | | | | |
| 8. General Intangibles | 0.00 | 0.00 | | 0.00 | FA |
| Real estate broker's license, not transferrable | | | | | |
| 9. Vehicles | 16,200.00 | 0.00 | | 9,000.00 | FA |
| Stella Scooter - $3,200 | | | | | |
| 2002 Lexus SC430 with 42,000 miles - $13,000 | | | | | |
| 10. Animals | 0.00 | 0.00 | | 0.00 | FA |
| Dog | | | | | |

| | | | | | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $88,350.00 | $0.00 | | $9,000.00 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

TFR to be filed no later than March 31, 2014.

Initial Projected Date of Final Report (TFR): 12/31/14     Current Projected Date of Final Report (TFR): 12/29/14

FORM 2

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: | 12-42379 -JPC |
| Case Name: | HILL, GENEVIEVE C |
| Taxpayer ID No: | *******5065 |
| For Period Ending: | 05/23/14 |

| | |
|---|---|
| Trustee Name: | N. Neville Reid, Trustee |
| Bank Name: | ASSOCIATED BANK |
| Account Number / CD #: | *******3695 Checking Account (Non-Interest Earn |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 05/20/13 | 9 | Bank of America (Cashier's Check No. 0750558) Lincoln Park Center | Sale of Vehicle | 1129-000 | 9,000.00 | | 9,000.00 |
| 06/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 10.00 | 8,990.00 |
| 07/08/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.93 | 8,977.07 |
| 08/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 13.35 | 8,963.72 |
| 09/09/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 13.33 | 8,950.39 |
| 04/07/14 | 300001 | International Sureties, Ltd. Suite 420 701 Poydras Street New Orleans, LA 70139 504-581-6404 | Blanket Bond Disbursement Blanket Bond Amount $71,065,000.00 Liberty Mutual Insurance Company Bond # 016016455 Term: 02/01/14 to 02/01/15 | 2300-000 | | 3.99 | 8,946.40 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | 9,000.00 | 53.60 | 8,946.40 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 9,000.00 | 53.60 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 9,000.00 | 53.60 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account (Non-Interest Earn - *******3695 | 9,000.00 | 53.60 | 8,946.40 |
| | ---------------------- | ---------------------- | ---------------------- |
| | 9,000.00 | 53.60 | 8,946.40 |
| | ============= | ============= | ============= |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 9,000.00 53.60

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2
Exhibit B

| Case No: | 12-42379 -JPC | | Trustee Name: | N. Neville Reid, Trustee |
| Case Name: | HILL, GENEVIEVE C | | Bank Name: | ASSOCIATED BANK |
| | | | Account Number / CD #: | *******3695  Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******5065 | | | |
| For Period Ending: | 05/23/14 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

Trustee's Signature:  /s/  N. Neville Reid, Trustee   Date: 05/23/14
N. NEVILLE REID, TRUSTEE

Page Subtotals          0.00          0.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: May 23, 2014 |
|---|---|---|---|---|---|---|

Case Number: 12-42379  
Debtor Name: HILL, GENEVIEVE C

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3110-00 | FOX, SWIBEL, LEVIN & CARROLL, LLP<br>200 West Madison Street, Suite 3000<br>Chicago, IL 60606 | Administrative | | $3,000.00 | $0.00 | $3,000.00 |
| 001<br>2100-00 | Trustee Fees: N. Neville Reid, Trustee | Administrative | | $1,650.00 | $0.00 | $1,650.00 |
| 000001B<br>040<br>5800-00 | Department of Treasury<br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19114 | Priority | | $10,284.11 | $0.00 | $10,284.11 |
| 000001C<br>080<br>7300-00 | Department of Treasury-<br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19114 | Unsecured | | $2,906.34 | $0.00 | $2,906.34 |
| 000002<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $23,870.80 | $0.00 | $23,870.80 |
| 000003<br>070<br>7100-00 | Asset Acceptance LLC assignee<br>Household Finance<br>PO Box 2036<br>Warren, MI 48090 | Unsecured | | $18,713.63 | $0.00 | $18,713.63 |
| 000004<br>070<br>7100-00 | Associates For Oral, Maxillofacial<br>and Implant Surgery Ltd<br>10 N. Ridge Ave<br>Mount Prospect, IL 60056 | Unsecured | | $833.32 | $0.00 | $833.32 |
| 000005<br>070<br>7100-00 | Cavalry SPV I, LLC assignee of<br>Bank of America/FIA Card Services NA<br>Cavalry Portfolio Services<br>500 Summit Lake Drive Suite 400<br>Valhalla, NY 10595-1340 | Unsecured | | $9,565.35 | $0.00 | $9,565.35 |
| 000006<br>070<br>7100-00 | Cavalry SPV I, LLC assignee of<br>Bank of America/FIA Card Services NA<br>Cavalry Portfolio Services<br>500 Summit Lake Drive Suite 400<br>Valhalla, NY 10595-1340 | Unsecured | | $10,622.70 | $0.00 | $10,622.70 |
| 000001A<br>001<br>4700-00 | Department of Treasury<br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19114 | Secured | | $44,210.83 | $0.00 | $44,210.83 |

| Page 2 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: May 23, 2014 |
|---|---|---|---|---|---|---|

Case Number:   12-42379                                            Claim Class Sequence
Debtor Name:   HILL, GENEVIEVE C

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| | Case Totals: | | | $125,657.08 | $0.00 | $125,657.08 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-42379
Case Name: HILL, GENEVIEVE C
Trustee Name: N. Neville Reid, Trustee

    Balance on hand      $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000001A | Department of Treasury | $ | $ | $ | $ |

    Total to be paid to secured creditors      $_____

    Remaining Balance      $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: N. Neville Reid, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: FOX, SWIBEL, LEVIN & CARROLL, LLP | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____

    Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

    NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $            must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001B | Department of Treasury | $ | $ | $ |

Total to be paid to priority creditors    $_____

Remaining Balance    $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000002 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000003 | Asset Acceptance LLC assignee | $ | $ | $ |
| 000004 | Associates For Oral, Maxillofacial | $ | $ | $ |
| 000005 | Cavalry SPV I, LLC assignee of | $ | $ | $ |
| 000006 | Cavalry SPV I, LLC assignee of | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

   Tardily filed claims of general (unsecured) creditors totaling $  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be percent.

   Tardily filed general (unsecured) claims are as follows:

NONE

   Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be percent.

   Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001C | Department of Treasury- | $ | $ | $ |

   Total to be paid to subordinated unsecured creditors  $_____

   Remaining Balance  $_____