**Trustee Narrative for Trustee Final Report in In re Hill (Case No. 12-42379)**

Prior to the bankruptcy, the IRS had filed a lien against all of the debtor's assets, rendering it a secured creditor of the debtor.  The Trustee Final Report shows a secured claim for the IRS, in an allowed amount of $44,000, and administrative expenses for professional fees being paid from monies that would otherwise have been paid to the IRS for such secured claim.   Prior to selling the estate assets that generated the distribution funds, the Trustee incorrectly assumed that the IRS had a priority unsecured claim for unpaid taxes as is often the case in individual estates.  The IRS proof of claim showing their secured status was filed after the sale.  Insofar as the estate expenses preserved or facilitated the sale of the property securing the IRS lien, the Trustee approached the IRS in connection with the preparation and filing of this TFR and asked whether they would consent to payment of the professional fees as an administrative expense ahead of their collateral under Section 506(c) of the Bankruptcy Code. The IRS agreed, per the attached email from its in-house counsel, Elke Franklin.

As an accommodation to the estate and its creditors, the Trustee's law firm discounted its legal fees from $4209 to $3000.

**Anabelle D. Bouse**

| | |
|---|---|
| **From:** | Franklin Elke E [Elke.E.Franklin@IRSCOUNSEL.TREAS.GOV] |
| **Sent:** | Tuesday, March 25, 2014 1:04 PM |
| **To:** | Neville Reid |
| **Cc:** | Anabelle D. Bouse; Kathy Goin |
| **Subject:** | RE: In re Genevieve Hill (Case No. 12-42379) |

That is fine.  Thanks.


*Elke E. Franklin*
Associate Area Counsel, SBSE
200 W. Adams Street, Suite 2300
Chicago, IL 60606
Tel: (312) 368-8153
Fax: (312) 368-8712

---

**From:** Neville Reid [mailto:nreid@fslc.com]
**Sent:** Tuesday, March 25, 2014 12:48 PM
**To:** Franklin Elke E
**Cc:** Anabelle D. Bouse; Kathy Goin; Neville Reid
**Subject:** In re Genevieve Hill (Case No. 12-42379)
**Importance:** High

Hi Elke – Thanks for taking my call earlier today. Per our discussion, I am the chapter 7 bankruptcy trustee for the estate of Genevieve Hill (Case No. 12-42379).  Last year I sold the debtor's car for $9,000 upon notice to the IRS and all other creditors, and court approval. At the time of the sale I assumed incorrectly that the IRS had a priority unsecured claim for the debtor's unpaid taxes.  Before the bar date and after the sale, the IRS filed a secured claim for the unpaid taxes in the amount of $44,210. I am now closing the case and filing the Trustee Final Report (TFR) today.  The TFR proposes that the proceeds be allocated to cover most of our legal fees and expenses in the case ($4,258 incurred, but discounted to $3,000; the "FSLC Fees") , and my statutory trustee fee in the amount of $1650 (the "Trustee Fee"). There were bank fees of $49.61, so the net proceeds to the IRS would be $4300, or about 10% of the IRS' filed secured claim.

This will confirm that, pursuant to our conversation and Section 506(c) of the Bankruptcy Code, the IRS consents to the payment of the Trustee Fee and the FSLC Fees in the total amount of $4650, ahead of the IRS secured claim as necessary costs related to the preservation and sale of its collateral.

Our TFR report computer system is temporarily down at the time of this email but I will email you the TFR we are filing today (including an itemization of the FSLC Fees) as soon as the system is back up.

Please confirm your agreement to the foregoing by responsive email.  I will include a copy of your responsive email as part of the TFR.


Thank you.

Very best regards,


Neville

N. Neville Reid, Co-Chair, Bankruptcy, Restructuring and Creditors' Rights Group
nreid@fslc.com



**Fox, Swibel, Levin & Carroll, LLP**
200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
(312) 224-1245 (direct) | (312) 224-1202 (fax)

For more information on Fox, Swibel, Levin & Carroll, LLP, please visit our website at www.fslc.com.

**Confidentiality:**  This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.  **IRS Circular 230 Disclosure:**  To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction.